IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINA BREANN BYLUND,<br><br>Defendant. | No. 3:21-cr-00051-SLG-MMS-3<br><br>**ORDER** |

## I. MOTION PRESENTED

Defendant, Christina Breann Bylund, through counsel, filed a Motion for Writ of Habeas Corpus *ad prosequendum*.[1] The Motion requested this Court to issue a Writ of Habeas Corpus *ad prosequendum*, dated *nunc pro tunc* to May 4, 2021, returning Bylund to the State of Alaska Department of Corrections' [DOC] custody so she may serve out her state sentence.[2] On May 21, 2021, this Court issued an order denying the Motion as moot, relying on case law and Federal Bureau of Prisons guidance which indicate Bylund is considered to be in State of Alaska DOC custody.[3]

On May 26, 2021, Bylund filed a Motion for Reconsideration[4] of this Court's order at Docket 38, providing documents and emails indicating the State of Alaska DOC refuses

---

[1] Dkt. 35.
[2] *Id.* at 1-2. Prior to the original *writ* being issued on May 4, 2021, the defendant had been in State of Alaska custody serving sentences in cases 3AN-17-10327CR and 3AN-20-05305CR. Her sentences were due to expire on May 21, 2021.
[3] Dkt. 38.
[4] Dkt 40.

to consider inmates who by virtue of *writ* have been brought to federal court as state prisoners, even if in the primary jurisdiction of state custody.[5] Thus, Bylund is unable to complete her state sentence and be released in her federal case, nor is she receiving time for any possible federal sentence in her current case pending before the court. As appropriately noted, the Motion for Reconsideration is presenting "new material facts not previously available."[6]

Although the initial Motion for Writ of Habeas Corpus *ad prosequendum* provided no authority for the requested writ; leaving this Court to determine the appropriate remedy for defense's request; in light of the facts presented in the Motion for Reconsideration, this Court finds good cause to reopen the matter.[7]

## II. PROCEDURAL BACKGROUND

On April 29, 2021, the Government filed a Motion for Writ of Habeas Corpus *ad prosequendum* in conjunction with the grand jury's return of an indictment charging Bylund with felon in possession of a firearm.[8] Prior to being brought before this Court on May 4, 2021 for an arraignment on an indictment, Bylund was "imprisoned by the State of Alaska [DOC], at Highland [*sic*] Mountain Correction [*sic*] Center."[9] On May 4, 2021, Bylund appeared for her arraignment on the indictment and consented to detention with the

---

[5] *See* Dkt 38; *infra* III. Law of Writ of Habeas Corpus - for further discussion on primary and secondary custody.
[6] L.Crim.R. 47.1(g)(1)[B].
[7] This Court granted the Motion for Reconsideration at Docket 44.
[8] Dkts. 2, 5.
[9] Dkt. 5 at 1; *see supra* ftnt. 1.

understanding she could apply for bail at a later date.[10] On May 5, 2021, the court scheduled Bylund's second federal court appearance, her bail review hearing, for May 13, 2021. Each time the U.S. Marshals transported Bylund for her appearance in federal court.

On May 13, 2021, Bylund was found to be releasable in her federal criminal case.[11] The Motion for Writ of Habeas Corpus *ad prosequendum* was filed by Bylund on the same day.[12] On May 21, 2021, this Court denied the Motion for Writ as moot[13]; and on May 26, Bylund filed a Motion for Reconsideration[14] based on the newly presented facts regarding State of Alaska DOC's refusal to consider Bylund as a state prisoner while on a federal writ.

### III. LAW OF WRIT OF HABEAS CORPUS

Writs play a variety of roles. When a prisoner is not yet sentenced, as in this case, the general authority of the federal courts to writ an individual from state custody into federal custody is 28 U.S.C. § 2241. Section 2241 permits writs of habeas corpus for prosecution (*ad prosequendum*[15]), writs of habeas corpus for challenging "the execution of

---

[10] Dkt. 9.
[11] Dkt. 32.
[12] Dkt. 35.
[13] Dkt. 38.
[14] Dkt. 40.
[15] *See U.S. v. Mauro*, 436 U.S, 340, 357 (1978) (citing to *Carbo v. U.S.,* 364 U.S. 611, 614 (1961)):

> United States district courts are authorized by 28 U.S.C. § 2241(a) to grant writs of habeas corpus; expressly included within this authority is the power to issue such a writ when it is necessary to bring a prisoner into court to testify or for trial. § 2241(c)(5). This Court has previously examined in great detail the history of the writ of habeas corpus *ad prosequendum,* observing that § 14 of the first Judiciary Act, 1 Stat. 81, authorized courts of the United

a federal prisoner's sentence,"[16] and writs with the general authority of the courts to involve itself in the protection of due process and equal protection of an individual's constitutional rights. The power of a section 2241 writ authorizes the federal courts to order an in-custody individual to be brought before the federal judiciary.[17]

A writ of habeas corpus *ad prosequendum* permits one jurisdiction, here the federal government, to take temporary custody of a prisoner confined within another jurisdiction, in this case the State of Alaska, and proceed in bringing criminal charges against the prisoner in federal court.[18]

Yet, "[i]n all cases of concurrent jurisdiction or otherwise, the court that first acquires jurisdiction holds it to the exclusion of all others, until its judgment is satisfied."[19] As explained in *Taylor v. Sawyer*, these types of situations require "not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure."[20]

Dual-sovereignty is reenforced by the U.S. Supreme Court's holding in *Gamble v. U.S.*; the dual-sovereignty doctrine does not violate constitutional rights of the accused

---

States to issue writs of habeas corpus.

[16] *See Mauro*, 436 U.S. at 358; *also Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *and Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2002).
[17] *Mauro*, 436 U.S. at 358.
[18] *See Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991)*; also Reno*, 164 F.3d at 445.
[19] *Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922).
[20] 284 F.3d 1143, 1150-51 (9th Cir. 2002) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922)).

when both the federal and state governments decide to prosecute for the same conduct.[21] Additionally, it has long been held by the U.S. Supreme Court that the jurisdiction that arrests and acquires the defendant first, maintains primary custody until she has served her sentence and the judgment is satisfied.[22]

Similar to the situation at hand is the idea that a state court cannot dictate the sentence that a federal court may impose on a defendant; nor can a federal court dictate the sentence that a state court may impose.[23] Under 18 U.S.C. § 3584(a), each federal sentence is determined independently of any other jurisdictional sentence.[24] Accordingly, "[a] federal sentence does not begin to run [nor does the inmate retain prior custody credit] when a federal defendant is produced for prosecution by a federal writ of habeas corpus *ad prosequendum* from state custody. The state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until state authorities relinquish the prisoner on satisfaction of the state obligation."[25] Relevant here is that Bylund has yet to satisfy her sentences in her State of Alaska criminal cases.

---

[21] 139 S. Ct. 1960, 1964 (2019) (citations omitted):
> We have long held that a crime under one sovereign's laws is not the same offence as a crime under the laws of another sovereign. Under this dual-sovereignty doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute.

[22] *Thomas,* 923 F.2d at 1365; *see also Ponzi*, 258 U.S. at 260 (establishing the principle of primary jurisdiction between state and federal cases); *and Gamble*, 139 S. Ct. at 1965.
[23] *See* 18 U.S.C. § 3584(a); *and Gamble*, 139 S. Ct. at 1966-1967.
[24] *Del Guzzi v. U.S.*, 980 F.2d 1269 (9th Cir. 1992); *see* 18 U.S.C. § 3584(a); *see also* the principles of comity – and the dual-sovereignty rule.
[25] <u>INTERACTION OF FEDERAL AND STATE SENTENCES WHEN THE FEDERAL DEFENDANT IS UNDER STATE PRIMARY JURISDICTION</u>, Henry J. Sadowski,

A writ of habeas corpus *ad prosequendum* requests a defendant who was held in state custody be produced in federal court on a specific date and "such other proceedings as the court may desire,"[26] and requires that ample notice is provided to the state that the federal government is going to borrow the prisoner for prosecution; this can be done successfully without interrupting the state's priority of jurisdiction, and its right to enforce its sentence.[27]

Here, the U.S. Marshals took temporary custody of Bylund to transport her to the federal courthouse; once she was returned to Hiland Mountain Correctional Center on May 4, 2021, she was no longer in federal custody, rather she reverted back to the custody of the State of Alaska. What is important to note is that Bylund was in the process of serving her state sentence, she was not in pretrial custody for purposes of her state case

### IV.     CONCLUSION

THEREFORE, this Order makes clear that on May 4, 2021, federal authorities 'borrowed' Bylund from the State of Alaska via a writ of habeas corpus *ad prosequendum* so she could answer to her federal charges, yet the U.S. Marshals did not retain custody from May 4, 2021 on; rather the federal government and the federal district court merely

---

Regional Counsel – Northeast Region, Federal Bureau of Prisons, at 2 (July 7, 2011).
[26] Dkt. 6.
[27] *See also Thomas,* 923 F.2d at 1365.

obtained Bylund's presence for those hearings without it interfering with her state custodial obligation.

**IT IS FURTHER ORDERED**, the Writ of Habeas Corpus *ad prosequendum* issued by the United States District Court for the District of Alaska on May 4, 2021, was hereby **QUASHED,** *nunc pro tunc* **on May 13, 2021**.[28]

Although, this Court lacks the authority to direct the State of Alaska DOC to credit Bylund's time that she has served while at Hiland Mountain Correctional Center since her arraignment and her bail review hearing in federal district court, it bears repeating, the State of Alaska has maintained primary custody of Ms. Bylund and the federal *writ* is no longer enforceable.

**IT IS FURTHER ORDERED**, the Motion for a Writ of Habeas Corpus *ad prosequendum* filed at Docket 35 and its request to place Bylund back into State custody is hereby **GRANTED in part and DENIED in part**. By operation of law, Bylund was returned to state custody upon her return to Hiland Mountain Correctional Center. **FURTHERMORE**, the federal Writ of Habeas Corpus *ad prosequendum* is no longer enforceable.

**IT IS SO ORDERED** this 3rd day of June, 2021 at Anchorage, Alaska.

s/Matthew M. Scoble
UNITED STATES MAGISTRATE JUDGE

---

[28] *See* Dkt. 6.